UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wilfred Williams, #253112, | C/A No. 2:15-2985-PMD-MGB |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION FOR PARTIAL SUMMARY DISMISSAL** |
| J.E. Roberts, N.C.P.D.; and Edward R. Corvey, Ass. Solicitor, | |
| Defendants. | |

Plaintiff, proceeding pro se, brings this action against Defendants, alleging he was arrested without probable cause, detained without justification, and maliciously prosecuted.

Plaintiff filed this action in forma pauperis under 28 U.S.C.A. § 1915. The matter is before the Court pursuant to 28 U.S.C.A. § 636(b) and Local Rule 73.02(B)(2)(f) (D.S.C.). After careful review, the Court finds the complaint should be summarily dismissed without prejudice as to Defendant Assistant Solicitor Edward R. Corvey.[1]

**Facts and Procedural History**

Plaintiff is currently incarcerated with the South Carolina Department of Corrections. Plaintiff indicates he was arrested on July 10, 2014 after police searched a car in which he was a passenger and found merchandise that was purportedly stolen from Walmart. He claims he was detained for forty-eight days as a result of the arrest, but the charges were later nolle prosequi due to a lack of evidence. Plaintiff alleges Officer J.E. Roberts purposely allowed Walmart to destroy surveillance recordings while Assistant Solicitor Corvey sought Plaintiff's prosecution without

---

[1] In tandem with this Order, the Court issued an order authorizing service of process as to Defendant J.E. Roberts.

evidence to support the charges. Plaintiff further indicates that as a result of the arrest, his probation was revoked and he was sentenced to three years' imprisonment.

Plaintiff, proceeding pro se, filed this action on July 30, 2015 against Officer J.E. Roberts and Assistant Solicitor Edward R. Corvey. Plaintiff claims his rights under the Fourth, Eighth, and Fourteenth Amendments have been violated because he was arrested without probable cause, detained without justification, and maliciously prosecuted.

**Analysis**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint pursuant to 28 U.S.C.A. § 1915. This review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint was filed pursuant to 28 U.S.C.A. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows the Court to dismiss the case upon a finding that the action "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i), (iii); 28 U.S.C.A. § 1915A(b)(2).

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff

could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the Plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court finds Plaintiff's complaint should be summarily dismissed without prejudice as to Plaintiff's claims against Defendant Assistant Solicitor Edward R. Corvey. Plaintiff specifically claims Assistant Solicitor Corvey sought to prosecute Plaintiff without evidence to support the charges. However, a solicitor's decision to prosecute is entitled to absolute immunity. See Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (stating "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State," including "the professional evaluation of the evidence assembled by the police," are entitled to absolute immunity); Imbler v. Pachtman, 424 U.S. 409, 424 (1976) (holding state prosecutors have absolute immunity from civil suits for the initiation and pursuit of criminal prosecutions). However, solicitors are not entitled to absolute immunity when their actions fall outside of their function as an officer of the court, such as when solicitors perform administrative or investigatory functions. See Buckley, supra. Although Plaintiff alleges the police purposely allowed evidence to be destroyed that may have been relevant to Plaintiff's charges, Plaintiff's complaint contains no allegation of wrongdoing by Assistant Solicitor Corvey in the investigation of Plaintiff's case. See Elmore v. City of Greenwood, Civ. A. No. 3:13-cv-01755-TLW, 2014 WL 4269084 *7-8 (D.S.C. 2014) (citing Buckley, supra, in dismissing plaintiff's 42 U.S.C.A. § 1983 claim against a solicitor because the plaintiff failed to allege that the solicitor acted in an

"investigative capacity"). Therefore, Plaintiff's claims against Assistant Solicitor Corvey must be dismissed without prejudice because they only relate to his decision to prosecute Plaintiff, an action for which Corvey enjoys absolute immunity.

## Conclusion

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant Edward R. Corvey, *Ass. Solicitor*, be dismissed without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 15, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Rule 72, Federal Rules of Civil Procedure, advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).